**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAN TANKERSLEY, EDWARD WARKENTINE,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DOS PALOS CITY POLICE DEPARTMENT, OFFICER BARRY MANN, OFFICER BRIAN NUNES, and DOES 1-25,<br><br>　　　　　Defendants. | CIV- F-03-6438 AWI DLB<br><br>**ORDER CONTINUING PRE-TRIAL CONFERENCE AND ORDER TO FILE PRE-TRIAL STATEMENT** |

　　　Trial in this matter is set for July 12, 2005, and the pre-trial conference is set for May 27, 2005. Pursuant to Local Rule 16-281, Plaintiffs were required to file a pre-trial statement not less than ten (10) court days before the pre-trial conference; alternatively, Plaintiffs and Defendants could have filed a joint pre-trial statement not less than five (5) court days before the pre-trial conference. See 16-281(a). As of the date of this order, Defendants have filed a pre-trial statement, but Plaintiffs have failed to file a pre-trial statement of any kind. The failure of a party to file a pre-trial statement renders the pre-trial procedures incomplete and the pre-trial conference impractical. It is therefore necessary to move the pre-trial conference date and for the Plaintiffs to file a pre-trial statement.

　　　Also, the Court notes that in addition to failing to file a pre-trial statement, Plaintiffs

...

further failed to file an opposition or notice of non-opposition to Defendants' motion for summary judgment. Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with Local Rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with Local Rules). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996); Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61.

//
//
//
//
//
//
//
//

Therefore, IT IS HEREBY ORDERED that:

1. The previously set pre-trial conference date of May, 27, 2005, is VACATED, and the new pre-trial conference will be on June 10, 2005, at 1:30 p.m.;

2. The Plaintiffs are ordered to file a pre-trial conference statement on or by June 3, 2005 by 4:00 p.m.;

3. Plaintiffs are hereby forewarned that failure to file a pre-trial statement on or by June 3, 2005, at 4:00 p.m. will likely result in the dismissal of the case with prejudice without further notice;

4. Plaintiffs are further hereby forewarned that failure to appear at the June 10, 2005, pre-trail conference date will likely result in the dismissal of the case with prejudice without further notice.

IT IS SO ORDERED.

**Dated:    May 23, 2005**             _____/s/ Anthony W. Ishii_____
0m8i78                                  UNITED STATES DISTRICT JUDGE