IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN TANKERSLEY, EDWARD WARKENTINE,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DOS PALOS CITY POLICE DEPARTMENT, OFFICER BARRY MANN, OFFICER BRIAN NUNES, and DOES 1-25,<br><br>　　　　　Defendants. | CIV- F-03-6438 AWI DLB<br><br>**ORDER DISMISSING DEFENDANT BRIAN NUNES AND DOES 1-24 AND ORDER TO SHOW CAUSE** |

## BACKGROUND

On May 13, 2005, the Court issued an order granting in part and denying in part Defendants' motion for summary judgment. Plaintiffs did not file an opposition or notice of non-opposition as required by the local rules. See Local Rule 78-230(c). Included in the summary judgment order was an order for Plaintiffs to show cause regarding the dismissal of Defendant Nunes and the Doe defendants. Hearing on the order to show cause was set for the same time as the pre-trial conference, May 27, 2005.

On May 24, 2005, the Court set a new pre-trial conference date of June 10, 2005, due to Plaintiffs' failure to submit a pre-trial conference statement in violation of Local Rule 16-281. The Court warned Plaintiffs that the failure to file a pre-trial statement and/or the failure to attend

the June 10, 2005, hearing could result in dismissal without further notice.

On June 10, 2005, the parties appeared for the pre-trial conference and for a hearing on the order to show cause. At the hearing, Plaintiffs, specifically Plaintiff Tankersley, requested a continuance of the trial because of personal and family medical issues. With the consent of Defendant, the Court vacated the pre-trial conference and the trial dates.[1] The Court set a status conference for August 8, 2005, in which it ordered Plaintiff Tankersley to bring documentation regarding the family medical issues. The Court advised Plaintiffs that the status conference was necessary to determine a reasonable date for trial so that this case could move forward and to receive an update and verification of the medical conditions involved. In terms of the order to show cause regarding unserved Defendant Brian Nunes and the Doe Defendants, the Court advised Plaintiffs to meet and confer with Defendant and, that if nothing could be agreed to, then Plaintiffs were to see Magistrate Judge Beck on the issue. The Court warned Plaintiffs that August 8, 2005, was the "drop-dead" date, and the failure to resolve the issue with either the Defendants or through Magistrate Judge Beck would result in the dismissal of Defendant Nunes and the Doe defendants. At the conclusion of the hearing, the Court reiterated its order to Plaintiff Tankersley to bring in documentation at the August 8, 2005 hearing from his physician regarding the medical issues. Although the Court did not order him to do so, Plaintiff Tankersley stated that he would submit a writing before the August 8, 2005 hearing that would address the medical issues.

On August 8, 2005, the status conference hearing was held. However, Plaintiffs failed to appear. Plaintiff Tankersley therefore failed to obey this Court's order to appear, provide an update concerning medical status, and provide medical documentation. Plaintiffs did not contact the court before the August 8, 2005 hearing, and Plaintiff Tankersley did not provide any written submission prior to the August 8, 2005 hearing. Defense counsel did appear and represented that he had not had contact with Plaintiffs since June 10, 2005. Additionally, there is no indication

---

[1]Defendant did express concern that continuances would pro-long the case unnecessarily.

that Magistrate Judge Beck has been contacted concerning unserved Defendant Brian Nunes and the Doe defendants.

**DISMISSAL FOR FAILURE TO PROSECUTE/FAILURE TO OBEY COURT ORDERS**

In light of the above, it appears to the Court that Plaintiffs are not diligently prosecuting this case.  Additionally, Plaintiffs have failed to obey a court order and have previously violated local rules.

Federal Rule of Civil Procedure 41(b), in relevant part, provides, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant."  Fed. R. Civ. Pro. 41(b).  Although the language indicates that Rule 41(b) is applicable upon motion by the defendant, "courts may dismiss under Rule 41(b) *sua sponte*, at least in some circumstances."  Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 689 (9th Cir. 2005) (citing Olsen v. Maples, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.'" Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with Local Rule); In re Eisen, 31 F.3d 1447, 1456 (9th cir. 1994) (dismissal for lack of prosecution); Ferdik, 963 F.2d at 1260-61 (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with Local Rules).  In determining

whether to dismiss an action for lack of prosecution or failure to obey a court order the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Bautista, 216 F.3d at 841; In re Eisen, 31 F.3d at 1451; Ferdik, 963 F.2d at 1260-61; Henderson, 779 F.2d at 1424; Thompson, 782 F.2d at 831.

In light of the Court's concerns over the prosecution of this case, a hearing will be held on September 9, 2004, at 8:30 a.m. where Plaintiffs will be required to show cause why the court should not dismiss this case for lack of prosecution and for failure to obey court orders and local rules

## RULE 4(m) DISMISSAL

With respect to Defendant Nunes and the Doe defendants, the Court warned Plaintiffs that these defendants would be dismissed if no further action was taken (that is, working the issue out with defense counsel or presenting the matter to Magistrate Judge Beck).  Plaintiffs have failed to do so.  Federal Rule of Civil Procedure 4(m) in relevant part provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

"Courts have discretion under Rule 4(m), absent a showing of good cause, to extend the time for service or to dismiss the action without prejudice."  In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001).  At a minimum, "good cause" means "excusable neglect."  In re Sheehan, 253 F.3d at 512; Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991).  "A plaintiff may show the following factors in order to bring the excuse to the level of good cause: (a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."  In re Sheehan, 253 F.3d at 512;

4

Boudette, 923 F.2d at 756. Without a showing of good cause, the court has broad discretion whether to dismiss the action or extend the time for service. In re Sheehan, 253 F.3d at 513.

Here, assuming that Plaintiffs would be prejudiced, Plaintiffs have not shown that Officer Nunes or the Doe defendants have received actual notice of the lawsuit and have failed to show that those defendants would suffer no prejudice. In resisting the original order to show cause, Plaintiffs indicated that former defense counsel, in the presence of Magistrate Judge Beck, had agreed to provide the names of the Doe defendants and the address of Officer Nunes. This is why the Court instructed Plaintiffs to return to Magistrate Judge Beck, as the alleged representations were not made before this Court. Additionally, when the order to show cause was issued on May 12, 2005, discovery had been closed for nearly four months (since January 31, 2005), and the deadline for filing discovery motions ended on February 16, 2005. The docket indicates that hearings before Magistrate Beck were held on September 24, 2004, and November 16, 2004. Assuming that such representations were made by former defense counsel on November 16, 2004, Plaintiffs had approximately three months to obtain the information before the close of discovery or seek a motion to compel. They did not do so. This case has been pending since October 14, 2003. It is now August 2005, and Plaintiffs have not served Officer Nunes, identified the Doe defendants, filed a motion to compel, or returned to Magistrate Judge Beck. Plaintiffs were warned at the June 10, 2005, hearing that further inaction would result in the dismissal of Nunes and the Doe defendants. Plaintiffs have not shown good cause for the failure to serve Nunes or the failure to identify and serve the Doe defendants. Given the above considerations, the court finds that dismissal is appropriate under Rule 4(m).

Additionally, from the operative complaint, it appears that Plaintiff Warkentine's Fourth Amendment claim is based on conduct by Defendant Nunes and the Doe defendants. As those Defendants have now been dismissed, it is appropriate for Plaintiff Warkentine to show cause why his Fourth Amendment claim should not be dismissed, given the apparent absence of a viable defendant. After the May 13, 2005, order on Defendants' motion for summary judgment,

Plaintiff Warkentine's Fourth Amendment claim is his only remaining claim in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Brian Nunes and Doe Defendants 1-25 are DISMISSED without prejudice under Rule 4(m);

2. On September 9, 2005, at 8:30 a.m., the Court will hold a hearing to determine whether Plaintiffs are diligently prosecuting this case and whether to dismiss this case for lack of prosecution and/or the failure to obey court orders, and to determine whether to dismiss Plaintiff Warkentine's Fourth Amendment claim given the dismissal of Defendant Nunes and the Doe defendants;

3. Plaintiffs are to show cause by appearance in the Court on September 9, 2005, at 8:30 a.m., why this case should not be dismissed for lack of prosecution and/or the failure to obey court orders;

4. Plaintiffs are further to show cause in writing by 4:00 p.m. on August 29, 2005, why this case should not be dismissed for lack of prosecution and/or the failure to obey court orders;

5. Defendant may file a response to Plaintiffs's written submission by 4:00 p.m. September 2, 2005;

6. Plaintiff Warkentine is required to show cause in writing by 4:00 p.m. on August 29, 2005, why his Fourth Amendment claim should not be dismissed given the dismissal of Defendant Nunes and the Doe defendants;

7. Defendant may file a response to Plaintiff Warkentine's written submission by 4:00 p.m. September 2, 2005;

8. Plaintiff Warkentine is also to show cause by appearance in the Court on September 9, 2005, at 8:30 a.m., why his Fourth Amendment claim should not be dismissed given the dismissal of Defendant Nunes and the Doe defendants;

9. Plaintiffs are hereby forewarned that failure to show cause in writing by 4:00 p.m. on August 29, 2005, will likely result in the dismissal of the case with prejudice without further notice;

10. Plaintiffs are further hereby forewarned that failure to appear at the September 9, 2005, 8:30 a.m. hearing on the order to show cause will likely result in the dismissal of the case with prejudice without further notice;

11. In the event that Plaintiffs are able to show cause why dismissal of this case is not appropriate, the parties are to be prepared to set a new pre-trial conference date and a new trial date at the September 9, 2005, hearing.

IT IS SO ORDERED.

Dated:   **August 12, 2005**                         **/s/ Anthony W. Ishii**
0m8i78                                              UNITED STATES DISTRICT JUDGE