IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN TANKERSLEY, EDWARD WARKENTINE,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DOS PALOS CITY POLICE DEPARTMENT, OFFICER BARRY MANN, OFFICER BRIAN NUNES, and DOES 1-25,<br><br>　　　　Defendants. | CIV- F-03-6438 AWI DLB<br><br>ORDER DISMISSING PLAINTIFF EDWARD WARKENTINE |

　　　On May 13, 2005, the Court issued an order granting in part and denying in part Defendants' motion for summary judgment. Plaintiffs did not file an opposition or notice of non-opposition as required by the local rules. See Local Rule 78-230(c). Included in the summary judgment order was an order for Plaintiffs to show cause regarding the dismissal of Defendant Nunes and the Doe defendants. Hearing on the order to show cause was set for the same time as the pre-trial conference, May 27, 2005.

　　　On May 24, 2005, the Court set a new pre-trial conference date of June 10, 2005, due to Plaintiffs' failure to submit a pre-trial conference statement in violation of Local Rule 16-281. The Court warned Plaintiffs that the failure to file a pre-trial statement and/or the failure to attend the June 10, 2005, hearing could result in dismissal without further notice.

On June 10, 2005, the parties appeared for the pre-trial conference and for a hearing on the order to show cause. At the hearing, Plaintiffs, specifically Plaintiff Tankersley, requested a continuance of the trial because of personal and family medical issues. With the consent of Defendant, the Court vacated the pre-trial conference and the trial dates.[1] The Court set a status conference for August 8, 2005, in which it ordered Plaintiff Tankersley to bring documentation regarding the family medical issues. The Court advised Plaintiffs that the status conference was necessary to determine a reasonable date for trial so that this case could move forward and to receive an update and verification of the medical conditions involved. In terms of the order to show cause regarding unserved Defendant Brian Nunes and the Doe Defendants, the Court advised Plaintiffs to meet and confer with Defendant and, that if nothing could be agreed to, then Plaintiffs were to see Magistrate Judge Beck on the issue. The Court warned Plaintiffs that August 8, 2005, was the "drop-dead" date, and the failure to resolve the issue with either the Defendants or through Magistrate Judge Beck would result in the dismissal of Defendant Nunes and the Doe defendants.

On August 8, 2005, the status conference hearing was held. However, Plaintiffs failed to appear and failed to obey this Court's order to appear. Plaintiffs did not contact the court before the August 8, 2005 hearing. Defense counsel did appear and represented that he had not had contact with Plaintiffs since June 10, 2005. Additionally, there was no indication that Magistrate Judge Beck had been contacted concerning unserved Defendant Brian Nunes and the Doe defendants.

On August 12, 2005, the Court issued an order to dismiss unserved Defendant Brian Nunes and the Doe defendants and an additional order to show cause. With respect to both Plaintiffs, the order required Plaintiffs to show cause in writing and by appearance why the case should not be dismissed for the failure to obey court orders and for lack of diligent prosecution. Additionally, in light of the dismissal of unserved Defendant Brian Nunes and the Doe

---

[1] Defendant did express concern that continuances would pro-long the case unnecessarily.

Defendants, the Court ordered Plaintiff Warkentine to show cause why his claim should not be dismissed since the basis of his Fourth Amendment Claim was alleged conduct by Nunes and the Does. Warkentine's Fourth Amendment Claim is the only remaining claim after the Court's order on Defendant's motion for judgment on the pleadings against Plaintiff Warkentine.

On August 29, 2005, Plaintiffs submitted a declaration that indicated Plaintiff Tankersley was experiencing family medical issues. Tankersley resides in NuBieber, California and Warkentine resides in Mendota, California. The declaration failed to explain how Tankersley's family medical issues concern or affect Warkentine and failed to explain why Warkentine failed to appear at the August 8, 2005, hearing. Additionally, the declaration failed to address the continued viability of Warkentine's Fourth Amendment Claim in light of the dismissal of Nunes and the Does.

On September 9, 2005, a hearing on the August 12, 2005, order to show cause was held. Plaintiff Warkentine appeared in person and Plaintiff Tankersley telephoned from NuBieber, California. At the hearing, Warkentine stated that he had been waiting for Defendant to act and had not done anything since the June 10, 2005, hearing. Warkentine did not explain how or why his Fourth Amendment Claim remained viable and did not explain how Tankersley's family's medical issues in NuBieber prevented Warkentine from prosecuting his claims.

Federal Rule of Civil Procedure 41(b), in relevant part, provides, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant." Fed. R. Civ. Pro. 41(b). Although the language indicates that Rule 41(b) is applicable upon motion by the defendant, "courts may dismiss under Rule 41(b) *sua sponte*, at least in some circumstances." Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 689 (9th Cir. 2005) (citing Olsen v. Maples, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent

3

power of the Court." "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.'" Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with Local Rule); In re Eisen, 31 F.3d 1447, 1456 (9th cir. 1994) (dismissal for lack of prosecution); Ferdik, 963 F.2d at 1260-61 (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with Local Rules). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Bautista, 216 F.3d at 841; In re Eisen, 31 F.3d at 1451; Ferdik, 963 F.2d at 1260-61; Henderson, 779 F.2d at 1424; Thompson, 782 F.2d at 831.

At the conclusion of the September 9, 2005, hearing, the Court dismissed Warkentine from this case. Dismissal is appropriate because Warkentine failed to show how his Fourth Amendment Claim, which is his only claim in this lawsuit, remains viable. From the complaint, the Fourth Amendment Claim is based on alleged conduct by Officer Nunes and Doe defendants. Nunes and the Does have been dismissed. Warkentine failed to explain or show why his claim should not also be dismissed as there is now no viable defendant in this case viz a vie Warkentine.

Additionally, Warkentine failed to demonstrate that he has been actively prosecuting this case and failed to explain his absence from the August 8, 2005, hearing. The documentation

4

submitted revolves solely around Tankersley's situation, but Tankersley and Warkentine are separate individuals who have separate claims and Tankersley, a non-attorney, cannot represent Warkentine.  Warkentine's failure to appear at the August 8, 2005, hearing and the failure to adequately respond to the Court's August 12, 2005, order is part of pattern of non-participation that dates back to the failure to respond to Defendant's motion for summary judgment/judgment on the pleadings.  Further, in light of the dismissal of defendant Nunes and the Does, the court is unaware of any less drastic remedy than dismissal.  Considering (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives, the Court finds that dismissal is appropriate.

    Accordingly, for all of the above reasons, IT IS HEREBY ORDERED that Plaintiff Edward Warkentine is DISMISSED from this case.

IT IS SO ORDERED.

**Dated:   September 9, 2005**          _____/s/ Anthony W. Ishii_____
0m8i78                                    UNITED STATES DISTRICT JUDGE